IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,  )
                           )
          Plaintiff,       )
                           )   No.  08-10144-01-WEB
v.                         )
                           )
THOMAS C. EKSTRUM,         )
                           )
          Defendant.       )
_____)

## Memorandum and Order

This matter came before the court on January 26, 2009 for sentencing. This written memorandum will supplement the court's oral findings concerning the sentence.

On June 24, 2008, the defendant Thomas Ekstrum was charged along with a co-defendant on one count of falsely impersonating an Internal Revenue Service agent, in violation of 18 U.S.C. § 912 and 2. He was released on bond shortly thereafter. On October 24, 2008, the defendant appeared before the court and entered a plea of guilty to Count 1 of the Superseding Indictment. Under the plea agreement, the parties agreed to ask for a sentence within the applicable guideline range of the federal sentencing guidelines, and the Government agreed to recommend a sentence at the low end of the guideline range. The agreement provided, and the court specifically told the defendant when he pled guilty, that the court was not bound by the plea agreement.

A Presentence Report was prepared by the Probation Office. No objections have been filed to the report, and the parties concede the facts contained therein are correct. The Report notes that the defendant impersonated an IRS agent, complete with a forged identity card, in an

attempt to get documents on behalf of his co-defendant. The defendant went to CCH tax service, produced a tape recorder, and told the CCH employee who had custody of the documents that their conversation would be taped. He also told her that if she did not produce the documents that he would seek a court order. The defendant subsequently left CCH, and provided the tape recording of the conversation to his co-defendant. Two days later, the defendant showed up at the house of the CCH employee and knocked on her door. She called the sheriff, and when officers arrived the defendant gave them a false name and produced a phony driver's license. He was told to leave. Twenty minutes later, the co-defendant appeared at the employee's house and began banging on the door, prompting another call to the authorities.

The defendant's criminal history includes a 1989 conviction for possession with intent to distribute marijuana in U.S. District Court for the Western District of Texas. In that case, the defendant was found with over 100 pounds of marijuana at a border checkpoint. PSR ¶32. Due to the age of this conviction, it does not give rise to any criminal history points under the guidelines. The defendant was also convicted in 2005 for operating a motor vehicle while intoxicated [OWI] in Polk County, Iowa. PSR ¶33.

On August 17, 2008, the defendant was arrested on a charge of DUI in Lyon County, Kansas. ¶38. According to the officer's report, the defendant admitted that he was drunk and produced a bottle of vodka. He also told the officer that he had terminal cancer and had six months to live. A breath test at the police station showed a result of .248. The defendant called the Probation Office the day after this arrest. He failed to report the arrest, although he told the Probation Officer that he had been drinking, and he checked himself into a county hospital for treatment.

In November of 2008, the defendant was arrested on another charge of DUI and transporting an open container in Lyon County. ¶39. The defendant failed to disclose this new arrest to his supervising Probation Officer in Des Moines, Iowa. On December 12, 2008, the defendant was admitted into a 30-day inpatient treatment program. On December 15, 2008, this court issued a warrant directing that the defendant be brought before the court (in Iowa, where he was being supervised) to show cause why his bond should not be revoked. The judge allowed the defendant to return to in-patient treatment.

According to a new violation report from the Probation Office, the defendant was released from in-patient treatment on January 2, 2009, and was arrested in Des Moines, Iowa on January 14, 2009, on charges of Operating While Intoxicated and Possession of Cocaine.

Section 3553(a) of Title 18, U.S. Code, provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes: the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) policy statements of the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After considering the factors in Section 3553(a), the court concludes that a sentence of 2 years (24 months) custody is appropriate in this case. In particular, the need to protect the public from further crimes of the defendant, and to afford him treatment in the most appropriate setting, both weigh heavily in favor of a significant sentence of incarceration. The court recognizes that this sentence exceeds the sentencing range called for in the advisory guidelines, but the guideline range does not adequately consider all of the defendant's behavior. His behavior – including his prior convictions, his conduct during the commission of the instant § 912 offense, and his conduct while on release in this case – clearly shows that he is currently unable or unwilling to comply with the norms of society. Anything less than a two-year custodial sentence would not, in the court's view, be sufficient to protect the public or to give the defendant a chance to overcome his obviously serious problems. Accordingly, the court concludes that a sentence of 2 years' custody, one year of supervised release, and a special assessment of $100 is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this __26th__ Of January, 2009, at Wichita, Ks.

>                    s/Wesley E. Brown
>                    Wesley E. Brown
>                    U.S. Senior District Judge